IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02708-RBJ

TIMOTHY BRADNEY,
ASHLEY LESSIG BRADNEY, and
HUNTER'S PRECISION CONSTRUCTION & ROOFING, INC., d/b/a Precision Construction & Roofing,

    Plaintiffs,

v.

STATE FARM FIRE & CASUALTY COMPANY,

    Defendant.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs Timothy Bradney, Ashley Lessig Bradney (the Bradneys), and Hunter's Precision Construction & Roofing, Inc. d/b/a Precision Construction & Roofing (Precision), sued defendant State Farm Fire & Casualty Co. for breach of contract and unreasonable delay/denial of payment of covered benefits. Defendant has moved for summary judgment (ECF No. 46). For the reasons stated below, that motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

The Bradneys held home insurance for their Denver residence through State Farm. On May 8, 2017, during the Policy period, a wind and/or hailstorm damaged their roof, attached garage, and other property. Such damage constituted a covered loss under their insurance policy. Plaintiffs' insurance policy provided that they were entitled to the replacement cost value (RCV)

1

of the damaged property if they replaced it within two years of the loss.  For example, if they replaced their roof between two and three years after the loss, they were only entitled to the actual cost value (ACV), calculated as the replacement cost less depreciation.

The Bradneys reported the losses from the hail storm to State Farm on April 8, 2019, shortly before the end of the two-year window in which they could recover RCV.  Defendant inspected the property and issued a $3,717.58 payment for the ACV.  ECF No. 46-4.  In the letter accompanying the ACV payment, defendant voluntarily extended the deadline for replacing the roof and receiving RCV payments until June 23, 2019.[1]  Before the expiration of that extended deadline, the Bradneys send defendant a signed contract with Precision to replace the roof.  The contract did not have a cost estimate for the repairs.  *See* ECF No. 55-2 at p.5.  State Farm accepted this contract in lieu of completed repairs and issued an RCV payment of $627.62 that same day.  ECF No. 52-1 at p.6; 52-5 at p.1.

After the extended deadline had passed, the Bradneys hired a public adjuster who assessed a cost for replacing the roof significantly higher than State Farm's estimate.  The Bradneys and State Farm engaged in an appraisal process described in the insurance policy.  A neutral appraiser determined the RCV was $149,950.13, and depreciation was $65,478.28.  State Farm promptly paid the ACV as determined by the appraisal award.  The Bradneys and Precision, to whom the Bradneys had assigned their claims against defendant, sued to recover the

---

[1] Defendant's letter stated:
> Because your claim was reported to us on 04/08/2019, within the two year period in which to exercise the replacement cost benefits of your policy, and our determination of coverage took place on 05/23/2019, as a courtesy, we will extend the timeline for receiving replacement cost benefits an additional 30 days from that date, or June 23, 2019.

ECF No. 44 at pp. 9–10.

RCV determined by the appraisal plus other damages caused by State Farm's unreasonable delay or denial of the insurance benefit to which they claimed to have been entitled under the policy.

## II. STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs.*, Inc., 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its

pleadings to satisfy its burden.  *Id.*  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Adler*, 144 F.3d at 671.  Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor.  *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012).  "[T]he facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Id.*

### III.   ANALYSIS

#### A. <u>Standing</u>

Precision has standing; the Bradneys do not.  The Bradneys assigned all claims against defendant State Farm Insurance to Precision, ECF No. 46-8, and therefore they are improper plaintiffs.  The Bradneys are dismissed as plaintiffs.

Defendant argues that Precision lacks standing because none of its agents authorized filing suit.  Defendant contends that Mason Hunter's deposition conclusively establishes that Mason Hunter is an independent contractor, not an authorized agent of Precision, and asks the Court to disregard what it characterizes as a "sham affidavit" from Eric Hunter, the owner of Precision, declaring that Mason Hunter is authorized to contract attorneys on behalf of Precision without express written authorization.  Defendant's arguments are unavailing.  The evidence does not establish that Mason Hunter was unable to contract on behalf of Precision.  His testimony indicates that he did not receive express authorization to hire attorneys but does not establish that he did not have actual authority to do so.  The affidavit of Eric Hunter declares that Mason, the third-generation Hunter in the family-owned business, had authority to retain lawyers.  ECF No. 52-8.  The Court must accept this contention as true at the summary judgment

stage. Moreover, Mason Hunter signed the assignment of rights on behalf of Precision. Defendant cannot contend that Mason Hunter's action as an agent of Precision to accept the Bradneys' claims was valid, but Mason Hunter's action as an agent of Precision to retain lawyers to pursue those claims was invalid.

### B. Breach of Contract

Plaintiff's breach of contract claim survives the motion for summary judgment. They argue that defendant, after extending the RCV deadline, accepted the Precision contract and promised to pay the RCV. Defendant made a payment for the RCV as they had evaluated it, but it turned out after the appraisal process that the actual RCV was much higher. Defendant's refusal to pay the appraisal RCV may have violated the promise they made to pay the cost of replacing the roof.[2]

### C. Bad Faith

Plaintiff's unreasonable delay or denial of benefits claim does not survive. The Bradneys delayed submitting their notice of claim until shortly before the deadline. Defendant acted quickly to pay the Bradneys. They even extended the RCV deadline and accepted a contract in lieu of repair receipts. Defendant then paid the claim as it adjusted it, including the RCV. Defendant declined to extend the RCV deadline a second time, which was consistent with the

---

[2] I find plaintiff's other theories of breach either duplicative or unpersuasive. The argument that defendant breached by not paying for roof tiles of similar construction is mooted by the appraisal, which defendant paid, albeit only the ACV. The argument about failing to adjust the claim promptly and correctly is duplicative. Defendant's failure to name an appraiser within 20 days (it took 23 days) is immaterial. The argument that payment of any RCV amount after the deadline is a waiver of the right to enforce any deadline at all is contrary to the plain language of the insurance contract, which specifies procedures for waiver. Plaintiff's claim does not survive because a small waiver compels a large waiver, but because plaintiff submitted a repair contract within the extended period, which defendant accepted as triggering its obligation to pay the RCV, but the appraisal process determined that the RCV was greater than initially estimated by defendant.

insurance contract's language (though arguably in breach of contract as noted above).  When a later appraisal came in much higher than defendant's evaluation, defendant paid the ACV.  Up to that point there was a value dispute that the appraisal resolved.  Defendant then withheld the RCV amount.  Taken together, defendant's actions reflect a desire to pay their obligations and even be flexible to accommodate and pay an insured who submitted an eleventh-hour claim.  Defendant may ultimately owe more than what they paid, but their actions do not reek of bad faith.

## IV.   ORDER

For the above reasons, defendant's motion for summary judgment (ECF No. 46) is GRANTED IN PART and DENIED IN PART.  Timothy Bradney and Ashley Lessig Bradney are dismissed as plaintiffs.  The second claim for relief is dismissed.  The first claim for relief remains.

DATED this 7th day of January, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge